[Cite as *State v. Vogel*, 2018-Ohio-4398.]

IN THE COURT OF APPEALS OF OHIO

TENHT APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 18AP-239 |
| | | (M.C. No. 2018CRB4927) |
| John Vogel, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

NUNC PRO TUNC

D E C I S I O N[1]

Rendered on October 30, 2018

**On brief:** *Frost Brown Todd LLC, Stephen J. Smith, Thaddeus M. Boggs,* and *Michelle Y. Harrison*, for appellee. **Argued:** *Thaddeus M. Boggs.*

**On brief:** *John Vogel*, pro se. **Argued:** *John Vogel.*

APPEAL from the Franklin County Municipal Court

TYACK, J.

{¶ 1}  John Vogel is appealing from being found in direct criminal contempt of the Franklin County Municipal Court for lying to a judge of that court and representing that a plea offer to a minor misdemeanor had been made with the dismissal of more serious charges against Mr. Vogel's client.  No such plea offer had been made.

{¶ 2}  Vogel assigns five errors for our consideration:

[I.] The trial court erred in finding defendant guilty beyond a reasonable doubt, or, alternatively, guilty by no objective or stated standard.

---

[1] This nunc pro tunc decision was issued to correct a clerical error contained in the original decision released on October 25, 2018, and is effective as of that date.

[II.] The trial court erred in denying defendant procedural and substantive due process by holding the trial within 24-48 hours of the original charge.

[III.] The trial court erred in proceeding on a substantively deficient charging instrument.

[IV.] The trial court erred in that holding defendant to be guilty was without sufficient evidence.

[V.] The trial court erred in finding defendant to be guilty against the manifest weight of the evidence.

{¶ 3} Vogel, who is a lawyer licensed in the state of Ohio, was representing Tasha Watkins who was charged with domestic violence and assault. Vogel told the judge assigned to hear the Watkins case that the prosecution had agreed to one of the charges being amended to a minor misdemeanor disorderly conduct. Upon Watkins pleading guilty to the disorderly conduct charge, Vogel represented that the prosecution had agreed to dismiss the other remaining misdemeanor of the first degree. Based on Vogel's professional representation, the judge conducted a plea proceeding and accepted the plea bargain as represented by Vogel.

{¶ 4} Later that day, the prosecution denied making that plea offer. As a result, the guilty plea was vacated and a contempt proceeding was scheduled.

{¶ 5} Vogel appeared at the contempt proceeding and asserted that he based his representations to the client on the letters MM being written on the exterior of the court file. Vogel claimed that he interpreted the MM as standing for "minor misdemeanor" as opposed to standing for the initials of the deputy clerk assigned to that courtroom. The deputy clerk's initials are MM.

{¶ 6} The judge assigned to the case served for many years as a bailiff in the Franklin County Municipal Court before being elected to a judgeship in that court. The judge has spent over 25 years working in that court and stated on the record that he had never seen the prosecution make a plea offer by writing two letters on a court file. Vogel is an experienced attorney and should have known that the prosecution would not offer to reduce two misdemeanors of the first degree, each punishable by six months in jail, to a single misdemeanor punishable by a fine only via simply writing the letters MM on the

court file. The judge felt Vogel was attempting to trick the court for the benefit of his client and got caught in his effort to deceive the court.

{¶ 7} The facts clearly justify a finding of direct contempt. The first, fourth, and fifth assignments of error are overruled.

{¶ 8} The second assignment of error alleges that the judge erred by addressing the contempt the next day. The judge placed Vogel on notice and allowed Vogel to present an explanation for his false representation as to the existence of a plea bargain. Direct contempt proceedings do not require more formal proceedings. Lying to a judge in circumstances such as here presented does not require a delay before punishment of the lawyer who was caught lying to the judge.

{¶ 9} The second assignment of error is overruled.

{¶ 10} Vogel's brief on his own behalf claims that the facts and law he argues for the second assignment of error explain his argument about the sufficiency. The facts and law do not require more detailed proceedings and documents than were involved here.

{¶ 11} The third assignment of error is overruled.

{¶ 12} All five assignments of error having been overruled, the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

———————————